# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SERGIUS ALEX SHEAKLEY,

        Plaintiff,

  v.

JOSEPH VAN DE MARK, *et al.*,

        Defendants.

Case No. 3:18-cv-272-SLG

## ORDER OF DISMISSAL

Plaintiff Sergius Alex Sheakley filed a "Civil Rights Complaint" on November 16, 2018, along with the $400 filing fee.[1] Mr. Sheakley's complaint alleges civil rights violations under 42 U.S.C. §§ 1983 and 1985.[2]

The complaint names two Alaska Superior Court judges, six court appointed attorneys, one prosecuting attorney, two John Doe attorneys, and the Alaska Bar Association as defendants, all in their individual and official capacities.[3] Mr. Sheakley purports to identify the race of each defendant in his complaint. Mr. Sheakley alleges that his civil rights have been violated by the defendants throughout the course of his ongoing criminal case in Alaska Superior Court.[4] The

---

[1] Docket 1.

[2] Docket 1 at 1, 9, and 21-23.

[3] Docket 1 at 4-9.

[4] The Court takes judicial notice of Mr. Sheakley's ongoing criminal case in Alaska Superior Court at 3AN-14-10533CR. Judicial notice is the "court's acceptance, for

complaint enumerates nine specific claims: (1) his arrest warrant allegedly violates the Fourth Amendment's unreasonable search and seizure clause of the U.S. Constitution; (2) Article I § 8 of the Alaska Constitution allegedly violates federal equal protection; (3) the defendants allegedly enforced discriminatory laws resulting in a cause of action under 42 U.S.C. § 1983; (4) the defendants allegedly violated the Thirteenth Amendment giving rise to a cause of action under 42 U.S.C. § 1985(2), and (5) under 42 U.S.C. §1985(3); and (6) the defendants allegedly violated his rights to speedy trial[5] and appeal.[6] Mr. Sheakley further alleges the he is being (7) falsely imprisoned by the defendants, (8) maliciously prosecuted, and (9) is the victim of an abuse of process.[7]

For relief, Mr. Sheakley requests this Court grant a declaratory judgment stating that several provisions of the Alaska Constitution are discriminatory and unconstitutional. Additionally, he requests the Court declare several purported policies and customs of the Office of Public Advocacy, which allegedly encourage

---

purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[5] The Court takes judicial notice that Mr. Sheakley has a pending habeas petition under 28 U.S.C. § 2241 in this Court alleging the same speedy trial issues; *see* Case No. 3:18-cv-278-SLG.

[6] Docket 1 at 19-24.

[7] Docket 1 at 24-27.

or result in ex parte Rule 5 hearings, wrongful incarceration, and deliberate misrepresentation as unconstitutional.[8] He further requests injunctive relief against "all Defendants from enforcing the challenged policies, practices, and customs[.]"[9] Mr. Sheakley requests damages and punitive damages for his unlawful seizure and detention, $10,000,000.00 in compensatory damages, as well as attorney fees and costs.[10] Mr. Sheakley demands a jury trial.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[11] In this screening, a court shall "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."[12]

To determine whether a complaint states a valid claim for relief, a court considers if it contains sufficient factual matter that if accepted as true "state[s] a claim to relief that is plausible on its face."[13] In conducting its review, the court is

---

[8] Docket 1 at 28.

[9] Docket 1 at 28.

[10] Docket 1 at 29.

[11] 28 U.S.C. § 1915A(a).

[12] 28 U.S.C. § 1915A(b); *see also* § 1915(e)(2)(B).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In making this

Case No. 3:18-cv-272-SLG, *Sheakley v. Van de Mark, et al.*
Order of Dismissal
Page 3 of 12

mindful that it must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of any doubt.[14]  Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[15]

## DISCUSSION

Mr. Sheakley alleges numerous disagreements with his ongoing state criminal matter.  Mr. Sheakley seeks to sue Alaska Superior Court judges, Public Defender and Office of Public Advocacy attorneys, Department of Law attorneys, and the Alaska Bar Association.  Under civil rights law, all of these defendants are either absolutely immune from suit or improper defendants for a § 1983 action.  Additionally, Mr. Sheakley's § 1985 claims present no plausible legal or factual basis.  As such, Mr. Sheakley presents no viable defendants, nor plausible claims making amendment futile.  Mr. Sheakley's case must be dismissed with prejudice.

### Claims Against Judge Wolverton and Judge Corey

The complaint alleges that Judges Wolverton and Corey are "charged with

---

determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citation omitted).

[14] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

[15] *Garmon v. County of Los Angeles,* 828 F.3d 837, 842 (9th Cir. 2016).

the duty of providing vested deciding and determining felony cases arising within its territorial jurisdiction."[16] The complaint further alleges that at all times the judges "acted under the color of state law." While Mr. Sheakley does not specifically address certain decisions or rulings from either judge, he expresses general dissatisfaction with the process of his ongoing criminal matter in Alaska Superior Court.[17]

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[18] Moreover, judicial immunity extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity.[19] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[20] Accordingly, all of Mr. Sheakley's claims against Judge Wolverton and Judge

---

[16] Docket 1 at 7.

[17] Docket 1 at 9-18.

[18] *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." *Ashelman*, 793 F.2d at 1076.

[19] 42 U.S.C. § 1983.

[20] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Corey are deficient to a degree that granting leave to amend would be futile.

## Claims Against Assistant District Attorney Soldwedel

Mr. Sheakley seeks to bring suit against Assistant District Attorney Arne Soldwedel. The complaint alleges that Mr. Soldwedel is "charged with the duty of prosecuting criminal cases for the State of Alaska" and "acted under the color of state law."[21] While Mr. Sheakley does not articulate any specific allegations against Mr. Soldwedel, he appears to challenge Mr. Soldwedel's role as a prosecutor and any purported decisions that may have impacted his speedy trial rights.[22] He also alleges malicious prosecution and abuse of process, broadly and without detail.[23]

Similar to judicial immunity, prosecutorial immunity protects government attorneys when they are acting pursuant to their judicial role as an advocate for the state performing functions "intimately associated with the judicial phase of the criminal process."[24] Mr. Sheakley's claims are deficient primarily because they are rooted in Mr. Soldwedel's prosecutorial duties and activities.

A prosecutor can be held accountable for malicious prosecution. But for any such claim to go forward, a claimant must provide plausible factual details and

---

[21] Docket 1 at 8.

[22] Docket 1 at 16; Docket 1-11.

[23] Docket 1 at 25-27.

[24] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

more than just conclusory allegations.[25]  Most importantly, a claim for malicious prosecution cannot proceed until the termination of the prior criminal proceeding has occurred in favor of the accused.[26]  This "avoids parallel litigation over the issue of probable cause and guilt . . . and it precludes the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."[27]

Mr. Sheakley's criminal matter in Alaska Superior Court remains ongoing. The general claims against Mr. Soldwedel are broad and stem from his duties as a prosecuting attorney, for which he is immune from suit.  In regard to the claim of malicious prosecution, Mr. Sheakley must conclude his criminal case and it must be resolved in his favor, before he can bring such a claim.  In sum, all of the claims against Mr. Soldwedel are deficient to a degree that they must be dismissed without leave to amend, since amendment would be futile.

---

[25] *Iqbal*, 556 U.S. at 679 (stating that pleadings which "are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

[26] *Heck v. Humphrey*, 512 U.S. 47, 484 (1994).

[27] *Heck*, 512 at 484.

<u>Claims Against Public Defender Agency Attorney Moudy and Office of Public Advocacy Attorneys Van de Mark, Mahlen, Corrigan, Hold, and Parvin.</u>

The complaint names, Joseph Van de Mark, Jeffrey Mahlen, Jim Corrigan, Chad Hold, and Gregory Parvin, attorneys with the Office of Public Advocacy, as defendants, in addition to Julia Moudy, an attorney with the State Public Defender. The complaint seeks damages from the attorneys due to their alleged actions as Assistant Public Advocates and supervisors for the Office of Public Advocacy and as an Assistant Public Defender for the State Public Defender.

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[28] For relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff[s] of rights secured by the Constitution or federal statutes."[29] To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[30]

A lawyer appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, ... not a state actor."[31] Such a lawyer, whether

---

[28] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[29] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[30] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[31] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir.), *cert. denied*, 540 U.S. 814 (2003).

Case No. 3:18-cv-272-SLG, *Sheakley v. Van de Mark, et al.*
Order of Dismissal
Page 8 of 12

from the Office of Public Advocacy or the Public Defender's Office is "no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."[32] It does not matter that a state criminal defense lawyer is paid from public funds. "Except for the source of payment, ... the duties and obligations are the same whether [the client was] privately retained, appointed, or serving in a legal aid or defender program."[33] This means that because a criminal defense lawyer's duty and loyalty are to his client, not the state, a court appointed attorney is not a state actor for purposes of Section 1983.

42 U.S.C. § 1983 requires a defendant to be a state actor. None of the named defendants, as court appointed counsel to the indigent, are state actors as a matter of law. Mr. Sheakley has not named a state actor; therefore, he has failed to meet an essential element of 42 U.S.C. § 1983. No other defendants could be substituted under the alleged facts; therefore, amendment is futile and the claims against Defendants Moudy, Van de Mark, Mahlen, Corrigan, Hold, and Parvin must be dismissed with prejudice.

---

[32] *Id.*, citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "traditional lawyer's functions" in the lawyer's traditional adversarial role).

[33] *Polk County*, 454 U.S. at 318.


Case No. 3:18-cv-272-SLG, *Sheakley v. Van de Mark, et al.*
Order of Dismissal
Page 9 of 12

### Claims Against John Doe #1 and #2

Mr. Sheakey alleges that "John Does Nos. 1 and 2 are employees of the State of Alaska, responsible for prosecuting and providing legal practice of the indigent accused."[34] Under this description, John Doe 1 and 2 is either a prosecuting attorney or a court appointed attorney. Regardless, John Does 1 and 2 are either absolutely immune from suit, or not state actors subject to suit under § 1983, as explained above. Therefore, the claims against John Doe 1 and 2 are deficient to a degree that amendment is futile and must be dismissed.

### Claims Against the Alaska Bar Association

As previously mentioned, a required element of 42 U.S.C. § 1983 is that a defendant must act under color of state law. To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[35] Mr. Sheakley alleges that "ALASKA BAR ASSOCIATION has become a co-conspirator by failing to protect Plaintiff's Civil rights by obstructing due process of their own policy and procedures under 18 U.S.C.S. § 1511."[36]

The Alaska Bar Association is a mandatory bar association responsible to the Alaska Supreme Court for the admission and discipline process of attorneys in

---

[34] Docket 1 at 9.

[35] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[36] Docket 1 at 18.

the State of Alaska. The Alaska Bar Association is a non-profit organization funded by mandatory license fees and through hosting legal education programs. As such, the Alaska Bar Association does not act with state authority or operate as a state actor, and thereby does not fulfill the required state actor element for a § 1983 action. Therefore, the claims against the Alaska Bar Association are deficient to the degree that amendment is futile and must be dismissed.

### 42 U.S.C. § 1985 and the Thirteenth Amendment

Mr. Sheakley alleges that "Defendants enforcement of the discriminatory laws of the State of Alaska are acts taken under color of state law" and "such conduct deprives Plaintiff of numerous rights secured by the Thirteenth Amendment[.]"[37]

Like § 1983, 42 U.S.C. §1985 does not provide new or independent rights. 42 U.S.C. § 1985 provides a remedy for individuals who have been subjected to either public or private discrimination by two or more persons acting in concert to interfere with their rights.[38] This statute allows for plaintiffs to sue for damages in the event their constitutional rights or privileges have been infringed.

A conspiracy is "an agreement by two or more persons to commit an

---

[37] Docket 1 at 22-23.

[38] 42 U.S.C. § 1985; *see also* Jody Feder, *Federal Civil Rights Statutes: A Primer*, Congressional Research Service, March 26, 2012.

unlawful act coupled with an intent to achieve the agreement's objective."[39] The Thirteenth Amendment abolished slavery in the United States.[40] Notably, the Thirteenth Amendment abolished both chattel slavery and involuntary servitude. However, the Amendment allows for a person who has been convicted of a crime to be forced to work. Thus, prison labor practices do not violate the Thirteenth Amendment.

Mr. Sheakley does not allege facts to indicate the defendants named in this action committed unlawful acts with the intent to commit him to slavery. Mr. Sheakley does not allege any factual allegations regarding slavery, involuntary servitude, or forced work. The Thirteenth Amendment has no practical application in relation to his other claims. Therefore, his claims under 42 U.S.C. § 1985 are critically deficient making amendment is futile and must be dismissed.

**IT IS THEREFORE ORDERED:**

1. This case is case is DISMISSED against the defendants WITH PREJUDICE for failure to state a claim upon which relief may be granted.
2. The Clerk of Court is directed to enter a final judgment.

DATED this 8th day of March, 2019 at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[39] "Conspiracy," Black's Law Dictionary (10th Edition 2014).

[40] U.S. CONST. amend. XIII.